IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RUNYON INSURANCE AGENCY, INC.,

        Plaintiff,

v.                                      CIVIL ACTION NO.  2:25-cv-00260

ACE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Notice of Removal* (Document 1), the Plaintiff's *Amended Motion to Remand and Brief in Support* (Document 9), the *Plaintiff's Memorandum of Law in Support of Amended Motion to Remand* (Document 10), *Defendant ACE Property and Casualty Insurance Company's Opposition to Plaintiff's Amended Motion to Remand* (Document 19), and all attached exhibits.  For the reasons stated herein, the Court finds the motion to remand should be granted and the request for attorneys' fees should be denied.

### FACTUAL ALLEGATIONS

The Plaintiff, Runyon Insurance Agency, Inc., brought this suit in the Circuit Court of Mingo County, on March 10, 2025.  The Plaintiff's principal office is in Williamson, West Virginia.  The Defendant, ACE Property and Casualty Insurance Company, is an insurance provider that has its principal place of business in Philadelphia, Pennsylvania.

The Plaintiff alleges that it maintained an insurance policy with the Defendant which included coverage for Employee Dishonesty and Data Breach Protection (the "Policy"). In November 2024, three of the Plaintiff's employees left the company and took client files and sensitive financial data. As a result, the Plaintiff suffered financial and reputational harm. The Plaintiff filed a claim with the Defendant pursuant to its coverage under the Policy. It sought coverage of legal fees, the cost of a financial audit, chargebacks, the cost to redraft policies and contracts, and additional data security measures.

The Defendant has allegedly denied the Plaintiff's claim. The Plaintiff alleges the Defendant engaged in bad faith insurance practices by unreasonably delaying its claim, failing to investigate the claim, and misrepresenting the Policy's coverage. As a result, the Plaintiff seeks compensatory damages of $401,271.81, punitive damages, attorneys' fees, and damages under the West Virginia Consumer Credit and Protection Act.

The Plaintiff asserts the following causes of action: Count I – Breach of Contract; Count II – Bad Faith Insurance Practices; and Count III – Violation of West Virginia Consumer Protection Laws. The circuit court docket sheet indicates that the Defendant signed a certified mail receipt of the complaint on March 17, 2025, which was subsequently docketed on March 19, 2025. The Defendant stated in an affidavit that a legal assistant contacted the Mingo County Clerk's Office and believed, pursuant to a conversation with an employee at the Clerk's Office, that the date of service was March 19, 2025. On April 18, 2025, the Defendant removed this case under 28 U.S.C. §§ 1441 and 1446. The Plaintiff now moves to remand the case to the Circuit Court of Mingo County based on the Defendant's untimely removal to this Court.

## APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty (30) days after receipt of the initial pleading. It is a long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th

---

1   Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

The removing party has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F. Supp. 2d 481,488 (S.D. W. Va. 2001)). Where the amount in controversy is not specified in the complaint, the defendant must "demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.) In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Plaintiff argues that the removal to this Court by the Defendant was untimely, and that it should be awarded attorneys' fees for the improper removal. The Defendant argues that its untimely removal was a result of excusable neglect, and that the Plaintiff is not entitled to attorneys' fees because there was a reasonable basis for removal.

A. *Untimely Removal*

The Plaintiff argues that remand is required because the Defendant removed the case two days late, and untimeliness is a procedural bar to removal. It asserts that the Defendant's reliance on a Mingo County Clerk's Office employee to confirm the date of service is inadequate. Further, the Plaintiff contends that the Defendant is using removal simply as a tactic to escape default

judgment because the Notice of Removal was filed after the Plaintiff's Motion for Default in state court. Therefore, it states that remand is required to prevent the misuse of federal jurisdiction as a litigation delay tool and to preserve the integrity of state court procedures.

In response, the Defendant states that aside from the alleged two-day delay, it properly removed this case to federal court because there is complete diversity and the amount in controversy exceeds $75,000. It argues that there is excusable neglect for the delay and that the discrepancy regarding the date of service arose from a reasonable and good faith misunderstanding, rather than an attempt to evade the Federal Rules of Civil Procedure or gain a procedural advantage. The Defendant contends that there was no prejudice to the Plaintiff caused by the two-day delay, the delay was brief, and it did not act in bad faith.[2]

28 U.S.C § 1446 "provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removeable.'" *Harris v. Bankers Life and Cas. Co.*, 435 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446 (b)(3)). A district court must strictly construe removal jurisdiction, because such jurisdiction raises significant federalism concerns. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941)).

---

2 The parties also present arguments based on the Local Rules. Specifically, the Plaintiff states that the Defendant did not attach a docket sheet or case file to its Notice of Removal, as required by Local Rule 3.4(b), and the case should thus be remanded. The Defendant argues that the Plaintiff's Amended Motion to Remand should be dismissed because its initial Motion to Remand did not have an accompanying memorandum of law and was therefore procedurally defective at the outset under Local Rule 7.1. The Court finds that remanding the case or dismissing the Amended Motion to Remand simply based on a failure to perfectly follow the Local Rules would be needlessly harsh and counterproductive to justice.

A motion to remand can be based on either a lack of subject matter jurisdiction or a procedural defect. 28 U.S.C. § 1447(c). Untimely removal is a procedural defect, rather than a jurisdictional one, and may be waived if a motion to remand is not filed according to the procedure set forth in Section § 1447(c). *Moore's Federal Practice* § 107.151[1][c] (3d ed. 2025); *See also Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F.Supp.2d 694, 697–98 (S.D. W. Va. 1999). Again, any doubt about removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

The Defendant largely bases its argument for this Court to retain jurisdiction on excusable neglect as discussed in Federal Rule of Civil Procedure 6. Courts in other districts have discussed the application of excusable neglect to the 30-day deadline for removal with mixed results. *See Wise Co. v. Daily Bread, LLC*, No. 2:11-CV-868-CW, 2012 WL 681789 (D. Utah Feb. 29, 2012) (finding excusable neglect for untimely removal); *Martinez v. Draim*, No. 18-CV-1098-JAP-KBM, 2018 WL 6788519 (D.N.M. Dec. 26, 2018) (questioning the application of excusable neglect to Section 1446 removal); *McCoy v. Washington*, No. 7:24-cv-879-LSC, 2024 WL 4545972 (N.D. Ala. Oct. 22, 2024) (finding excusable neglect inapplicable to untimely removal); *Procopio v. Crown Atl. Co.*, 555 F.Supp.3d 186 (E.D. Pa. 2021) (analyzing excusable neglect of untimely removal); *Gomez v. Glob. Video Games*, No. 2:16-CV-3394-CAS-E, 2016 WL 4059614 (C.D. Cal. July 26, 2016) (finding inadvertent error an insufficient basis for untimely removal).

There are no Fourth Circuit cases that discuss whether the time to file a notice of removal can be extended because of excusable neglect. The cases the Defendant cites for support address excusable neglect in other, distinguishable contexts that are not comparable to the 30-day removal deadline. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) (untimely proof filings in bankruptcy court); *Symbionics Inc. v. Ortlieb*, 432 Fed.App'x 216 (4th

Cir. 2011) (untimely notice of appeal); *King v. Wetzel Cnty. Comm'n*, No. 5:13CV102, 2013 WL 5675275 (N.D. W. Va. Oct. 17, 2013) (untimely response to motion to dismiss); *Aldridge v. Marion Cnty. Coal Co.*, No. 1:17CV79, 2017 WL 3446530 (N.D. W. Va. Aug. 10, 2017) (untimely reply to motion to remand).

The plain text of the removal statute requires that a notice of removal be filed within 30 days after a defendant is served. 28 U.S.C. § 1446(b). The statute makes no mention of excusable neglect or any other situation in which the 30-day deadline may be extended. The Court is required to strictly construe removal, and thus will not read an exception into the removal statute. The Notice of Removal here was unquestionably filed on April 18, 2025, two days after the expiration of the 30-day deadline. The Defendant does not dispute this. As seemingly minor and inadvertent as the two-day delay appears to be, the Court finds no authority to allow the untimely removal to proceed in federal court. The Court finds that the Defendant has failed to sufficiently carry its burden to remove this action, and, therefore, the case must be remanded due to procedural defect.

### B. Attorneys' Fees for Improper Removal

Regarding its request for attorneys' fees for improper removal, the Plaintiff argues that fee-shifting here is appropriate because the Defendant lacked an objectively reasonable basis for removal. In support of this argument, the Plaintiff states that the Defendant could have timely removed but waited until after default judgment was sought in state court and failed to provide a legitimate reason for its delay in removing the case. In its response, the Defendant argues that an award of attorneys' fees for improper removal is not appropriate because it had a right to remove this case to federal court, and there was a clear and reasonable basis for doing so.

According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts *may* award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). However, an attorneys' fee award is not automatic upon remand. The "may" language in both Section 1447 and in *Franklin* indicates that a district court has discretion in awarding legal fees in cases of remand. The *Franklin* court explained that "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.*

After careful consideration of the briefs and the Defendant's basis for removal, the Court finds that the Defendant did not act in an objectively unreasonable manner such that attorneys' fees would be appropriate. As evidenced by the affidavits submitted by Jody Farnsworth and Charles Steele, the Defendant believed the date of service was March 19, 2025, based on a conversation with a Mingo County Clerk's Office employee. While the service date provided by that employee was ultimately incorrect and contributed to the untimely notice of removal, the Defendant's basis for removal was not so objectively unreasonable that an award of attorneys' fees is warranted. Therefore, the Plaintiff's request for attorneys' fees and costs should be denied.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Amended Motion to Remand and Brief in Support* (Document 9) be **GRANTED** as specified herein and that this matter be **REMANDED** to the Circuit Court of Mingo County, West Virginia, and **STRICKEN** from the docket of this Court. Any pending motions are hereby **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Circuit Court of Mingo County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER:   July 11, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA